IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WENDELL L. PERVIS, #00695696,** § | |
| Petitioner, § | |
| § | |
| v. § | **CIVIL CASE NO. 3:18-CV-95-L-BK** |
| § | |
| **LORIE DAVIS, Director, TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, filed in this action, was referred to the United States magistrate judge for findings, conclusions, and a recommended disposition. Upon review of the relevant pleadings and applicable law, and as detailed herein, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

On January 19, 1995, Petitioner pled guilty to aggravated robbery and was sentenced by a jury to 50 years' imprisonment. *State v. Pervis*, No. F94-04502 (203rd Jud. Dist. Court, Dallas Cty. Jan. 19, 1995), *aff'd*, No. 06-95-00082-CR (Tex. App. – Texarkana, Dec. 29, 1995). On January 27, 1995, a jury found Petitioner guilty of capital murder and sentenced him to life imprisonment. *State v. Pervis*, No. F94-41885 (203rd Jud. Dist. Court, Dallas Cty. Jan. 27, 1995), *aff'd*, No. 06-95-00063-CR (Tex. App. – Texarkana, Jan. 5. 1996, pet. ref'd).

The Texas Court of Criminal Appeals (CCA) subsequently denied state habeas relief. *Ex parte Pervis*, No. WR-41,201-01 (Tex. Crim. App. May 5, 1999) (as to the aggravated robbery conviction); *Ex parte Pervis*, No. WR-41,201-02 (Tex. Crim. App. May 30, 2001) (as to the capital murder conviction). The CCA also dismissed Petitioner's successive state habeas

applications. *Ex parte Pervis*, No. WR-41,201-03 (Tex. Crim. App. Sep. 26, 2012) (as to the aggravated robbery conviction); *Ex parte Pervis*, No. WR-41,201-04 (Tex. Crim. App. Sep. 26, 2012) (as to the capital murder conviction).[1]

On January 16, 2018, Petitioner filed the instant, *pro se* habeas petition, challenging the indictments and alleging that his trial counsel, Robert M. Rose ("Rose"), rendered ineffective assistance. Doc. 3 at 6. Petitioner also filed two motions for leave to file an out-of-time section 2254 petition, Doc. 5; Doc. 7, in which he claims his federal habeas petition was not timely filed due to Rose's ineffective assistance.[2] As the petition indeed appeared untimely, the Court directed Petitioner to address the applicability of the limitations period and equitable tolling. Petitioner's *Answers to Magistrate Judge's Questionnaire*, Doc. 12, was filed March 23, 2018.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). As Petitioner concedes, he filed his federal petition well after his convictions became final in 1996. Doc. 5 at 1; Doc. 7 at 1 (motions seeking leave to file out-of-time petition). The limitations period for challenging his

---

[1] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-41,201-01&coa=coscca; http://search.txcourts.gov/Case.aspx?cn=WR-41,201-02&coa=coscca; http://search.txcourts.gov/Case.aspx?cn=WR-41,201-03&coa=coscca; http://search.txcourts.gov/Case.aspx?cn=WR-41,201-04&coa=coscca (last visited on May 9, 2018). The Court also reviewed the electronic state habeas court record for each of the above cases available through the CCA.

[2] Although the substance of the motions is considered herein, contemporaneously with the filing of this Recommendation, they were terminated as moot.

aggravated robbery and capital murder convictions expired in April and August 1997, respectively. Moreover, because Petitioner did not file his state habeas applications until long after the federal limitations period expired, he is not entitled to statutory tolling.[3] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the federal petition is outside the one-year limitations period under section 2244(d)(1)(A).

Subsections (B) through (D) of section 2244(d)(1) are also inapplicable under the facts presented here. Petitioner does not allege any state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Doc. 5 at 1-2; Doc. 12 at 3-6. Accordingly, Petitioner's federal habeas petition is barred by limitations, absent equitable tolling.

## B. Equitable Tolling

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case omitted); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not evince due diligence or rare and extraordinary

---

[3] Petitioner's first state habeas applications were signed on November 30, 1998 (as to the aggravated robbery conviction) and February 8, 2001 (as to the capital murder conviction), and his second set of state applications were both signed on April 21, 2012.

circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotation and quoted case omitted).

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period before he filed his first state habeas applications and waited over ten years more before submitting his second state habeas applications. Following the dismissal of the latter, Petitioner delayed over five years more before filing this federal petition. Such extended periods of inactivity clearly indicate a lack of due diligence.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Moreover, Petitioner's assertions of ineffective assistance of counsel at trial, Doc. 5 at 2, have no bearing on equitable tolling, since Rose's alleged ineffective assistance <u>at trial</u> necessarily occurred before the one-year limitations period elapsed in 1997. *C.f. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling). Likewise, the subsequent criminal prosecution of Rose is of no moment. Petitioner avers that Rose was under federal criminal investigation for tax evasion contemporaneously with Petitioner's pending state charges; eventually pled guilty to an

information on January 25, 1995, two days before Petitioner was convicted of capital murder; and was sentenced on September 7, 1995, while Petitioner's direct appeals were pending. Doc. 5 at 1-2; Doc. 12 at 3; *see also Rose v. United States*, No. 3:95-CR-014-H (N.D. Tex. 1995). Again, because those events preceded the expiration of the one-year limitations period, they appear irrelevant to the issue of equitable tolling and Petitioner has not established otherwise.

Petitioner also avers that Rose: (1) "never told [him] of appeals," and (2) did not keep in touch with him, respond to his letters, or provide "any legal documents." Doc. 3 at 6; Doc. 5 at 2. Petitioner's conclusory assertions that counsel did not inform him about his appeals fail to demonstrate extraordinary circumstances that prevented the timely filing of his federal petition. Indeed, his claims that Rose is responsible for the delay are wholly belied by the fact that this federal petition was filed well over a decade after Petitioner was convicted and Rose represented him. Petitioner most certainly learned that his appeals had been rejected long before then. Petitioner also has not identified the legal documents that he attempted to obtain from Rose, why such documents were necessary to file the federal petition, or why they were not available from a different source.

Lastly, Petitioner challenges the validity of the state indictments against him, arguing that they were fundamentally defective and, thus, deprived the trial court of jurisdiction over his criminal cases. Doc. 12 at 3-6. Again, his assertions (which duplicate the arguments in his federal petition, Doc. 3 at 6) have no bearing on the issue of whether equitable tolling is appropriate.

Accordingly, the Court concludes that Petitioner has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** May 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. C IV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE